TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Cynthia and William Will

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia and William Will, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Hameroff Law Group; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiffs, Cynthia and William Will, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Cynthia and William Will (hereafter "Plaintiffs"), are adult individual residing at 2908 N 141st Avenue, Goodyear, Arizona 85395-1463, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Hameroff Law Group (hereafter "Hameroff"), is a company with an address of 3443 East Fort Lowell Road, Suite 101, Tucson Arizona 85716-1617, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Hameroff and whose identities are currently unknown to the Plaintiffs. One or more of the

2

Collectors may be joined as parties once their identities are disclosed through discovery.

7. Hameroff at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiffs allegedly incurred a financial obligation of $11,619.38 (the "Debt") to Chase Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Hameroff for collection, or Hameroff was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Hameroff Engages in Harassment and Abusive Tactics

12. Within the last year, Hameroff contacted Plaintiffs in an attempt to collect the alleged Debt.

13. The Debt was settled in full in April of 2012 with a previous collector.

14. Immediately upon receipt of Hameroff's initial collection letter, Plaintiffs called Hameroff and informed it that the Debt had been satisfied and was no longer owing.

15. Plaintiffs further disputed the Debt in writing, stating that the Debt had been satisfied and requesting validation from Hameroff.

16. Thereafter, Hameroff continued calling Plaintiffs in an attempt to collect the Debt, despite having been informed that the Debt was settled and without first providing Plaintiffs with the requested validation.

### C. **Plaintiffs Suffered Actual Damages**

17. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

20. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

21.     The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

22.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants as follows:

  A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

  B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

  C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

  D.  Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial; and

  E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED:  July 23, 2013 | LEMBERG & ASSOCIATES, LLC |

By: */s/   Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiffs,
Cynthia and William Will